J-S07021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :             PENNSYLVANIA
                                                 :

              v.                        :

TERRELL HARRIS                   :

          Appellant          :       No. 1451 EDA 2022

Appeal from the Judgment of Sentence Entered February 18, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0005800-2019.

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:           **FILED JUNE 01, 2023**

Terrell Harris appeals from the judgment of sentence entered after the trial court found him guilty of several offenses. After review, we affirm upon the trial court's opinion.

Briefly, in July 2019, a conflict arose between Harris and a neighbor in his building, Henry Thompson, over the disposal of a mattress and box spring infested with bed bugs. This dispute ultimately led to Harris hitting Thompson with an aluminum baseball bat. Afterwards, the police arrived. Harris admitted to striking Thompson. Harris was arrested and charged.

On December 7, 2021, following a bench trial, the court found Harris guilty of aggravated assault, possessing an instrument of crime, simple assault, and recklessly endangering another person.[1]

---

[1] 18 Pa.C.S.A. §§ 2702(a), 907(a), 2701(a), and 2705.

Harris' sentencing hearing took place on February 18, 2022. During the hearing, remarks relevant to this appeal were made both by Assistant District Attorney Adam Farraye and by Harris' trial counsel, Assistant Defender Owen Doherty of the Defender Association of Philadelphia. While advocating for a probationary sentence, Attorney Doherty stated:

> I also want to point out, Your Honor, that before this trial happened in December, I did speak directly with [Mr. Thompson] and I asked him what he was looking for here, like what — how he felt [aggrieved], Your Honor. And [Mr. Thompson] told me that he didn't want to jam [Harris] up. That he didn't want to have him in jail or anything like that. That he just wanted expenses, medical expenses and that's it.

Later in the hearing, ADA Farraye responded in relevant part:

> Your Honor, counsel brought up his conversation with [Mr. Thompson] in this case. I did not intend to bring this up in sentencing; however, as Your Honor may remember, moments before we were to proceed to trial at the trial date, I did ask for a brief hold. As I indicated, Mr. Doherty had taken [Mr. Thompson] from the galley behind me, out into the hall and had spoken to [Mr. Thompson]. I did speak to [Mr. Thompson] after that, who indicated to me that defense counsel had offered him, what I believe was, $2,000 for pain and suffering so that the case could be taken care of.

> Mr. Doherty immediately objected to ADA Farraye's remarks and requested that they be stricken from the record. At that point, the Court offered to postpone the sentencing hearing and to give the parties an opportunity to have an evidentiary hearing regarding the above described statements alleged to have been made by Mr. Thompson. Both Mr. Doherty and ADA Farraye responded that they wished to proceed with the sentencing hearing.

> At the conclusion of the sentencing hearing, the [c]ourt imposed an aggregate sentence of three to six months of incarceration, followed by two years of probation.

- 2 -

Trial Court Opinion, 7/25/2022, at 4 (footnote and citations omitted).

Harris filed a post-sentence motion seeking a new trial. Attached to the motion was an affidavit by Attorney Doherty in which he stated in part: "At no time did I offer [Mr. Thompson] money to take care of the case." Harris argued that Thompson's statement to ADA Farraye suggesting otherwise was not only false but also subjected Thompson to criminal liability for making a false report to law enforcement authorities and, for that reason, Thompson's statement to ADA Farraye should have been disclosed to Harris prior to trial as impeachment material. Because it was not, it constituted a ***Brady*** violation, and/or after discovered evidence which should have been disclosed. The trial court denied Harris' motion.

Harris filed this timely appeal. Harris and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. Harris raises the following two issues on appeal which we have reordered:

> 1. Should the [t]rial [c]ourt have granted [Harris'] request for a new trial based on the ***Brady*** claim?
>
> 2. Should the [t]rial [c]ourt have granted [Harris'] request for a new trial based on the after-discovered evidence claim?

Harris' Brief at 4.

Here, the trial court authored a thorough and well-reasoned opinion pursuant to Rule 1925(a). The court addressed Harris' request for a new trial based upon Harris' claims of a ***Brady*** violation and after-discovered evidence under Pennsylvania Rule of Criminal Procedure 720(c).

Upon review, we discern no legal error or abuse of discretion in the trial court's analysis. As such, we adopt the court's opinion as our own in denying Harris' request for relief. *See* Trial Court Opinion, 7/25/2022, at 6-10 (explaining that Harris failed to establish the criteria for a *Brady* violation: 1) it was unlikely Mr. Thompson lied about his conversation with Mr. Doherty but instead, as a layperson, likely misunderstood what transpired and thus it was speculative that the conversation would constitute impeachment material; 2) nothing in the record suggested that the Commonwealth was aware prior to trial of any issues with Mr. Thompson's statements; and 3) Harris' alleged impeachment evidence was not material or reasonably probable to change the outcome of the case as Harris admitted to hitting Mr. Thompson); and at 10-11 (explaining that Harris did not satisfy the four-prong test to justify a new trial based upon after-discovered evidence under Pennsylvania Rule of Criminal Procedure 720(c) because Harris impermissibly intended to use the claimed after-discovered evidence only for impeachment purposes, and Mr. Thompson's statement and conduct were not material so that a different outcome would be likely). [2]

Judgment of sentence affirmed.

---

[2] The parties are directed to attach the trial court's July 25, 2022, opinion to this memorandum in any future appeal.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/1/2023*